IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

D. Raquel Watson,                          :

                Plaintiff,                  :     Case No. 2:06-cv-870

          v.                                :     Judge Sargus

Telly J. Farrow, *et al.*,                  :     Magistrate Judge Abel

                Defendants.                 :

## <u>Default Judgment Report and Recommendation</u>

Plaintiff D. Raquel Watson brought this action claiming that Defendant Telly J. Farrow committed fraud upon her and caused her damages.  On January 26, 2007, the Clerk of Court entered default judgment against Defendant Farrow on the basis of his failure to plead or otherwise defend.  On April 11, 2007, Magistrate Judge Abel held a default judgment hearing on this issue of damages in this case.  Defendant Farrow failed to attend this hearing.

The amended complaint alleges, in relevant part:

16. Farrow told Watson that his profession was a "car broker", a profession in which he would arrange for consumers to obtain financing for vehicles and that he could acquire any type of vehicle. Farrow told Watson that he worked for Fisher.

17. Farrow told Watson that he had an extremely high credit score, but could not obtain these vehicles in his own name because he had a "tax problem."

18. Farrow told Watson that he needed Watson to provide a power of attorney to him in order for him to obtain vehicles.

19. Farrow told Watson that he would use the power of attorney to secure a vehicle, then make all the payments on any vehicles purchased and then title the vehicles in his name after the vehicles were paid off.

Farrow told Watson that he needed the power of attorney because he had a personal tax problem and he needed it for his work or profession. Farrow's statements were false.

20. To prove to Watson that he had a high credit score, Farrow e-mailed a purported credit report to Watson on April 10, 2006 that stated his credit score extremely high. Watson is uncertain whether the credit report was authentic.

21. On April 19, 2006, and in reliance upon the false representations made to her, Watson provided Farrow with a power of attorney that would expire on April 30, 2006.

22. Upon information and belief, Farrow had a personal business relationship with an individual at Fisher named Joseph Kareivis, a finance manager.

23. Farrow met with a Fisher employee and arranged for the purchase of 3 luxury vehicles, a 2007 Mercedes-Benz S 550, a 2006 Land Rover Range Rover and a 2007 Tahoe. Each of the vehicles has a value exceeding $75,000.00. Farrow also met with an Englewood employee and arranged for the purchase of a 2006 Lexus SC 430, which also had a value exceeding $75,000.00.

24. In the course of purchasing the vehicles, Farrow provided false information concerning Watson's income and other information to Fisher to secure financing for the vehicles.

25. Fisher ran credit reports for each of the vehicles without Watson's prior knowledge of the information that was within applications they submitted, which was false, and, as a result, Fisher qualified Watson for the purchase of the vehicles. Upon information and belief, Englewood ran credit reports for each of the vehicles without Watson's prior knowledge of the information that was within applications they submitted, which was false, and, as a result, Englewood qualified Watson for the purchase of the vehicles.

26. One or more credit applications for financing of the vehicles falsely indicated that Watson's salary exceeded $20,000.00 per month, which grossly overstates Watson's income.

27. One or more credit applications for financing of the vehicles falsely indicated that Watson's employer was a pharmaceutical company called "Farrou and Farrow"; Watson has never worked for such a company, has never represented to anyone that she works for such a company and does not believe any such company exists.

28. In July 2006, Watson obtained a copy of her credit report. In her report, she noticed that there were 2 additional inquiries – one from Chase and one from Bank of America – each dated June 23, 2006 that she did not authorize. Both inquiries were joint applications with Defendant

Farrow, bearing Farrow's cell phone number and address beneath Watson's name.

Because defendant Telly J. Farrow is in default, he is deemed to have admitted each of the facts alleged in the amended complaint.

Ms. Watson testified to the following at the April 11, 2007 hearing. Mr. Farrow, claiming that he had good credit, but a tax problem, asked Ms. Watson to give him her power of attorney so that he could obtain cars for his business in her name. The understanding between the two was that Mr. Farrow would make all of the necessary payments on the vehicles, and that the cars were to be Ms. Watson's in name only.

Using Ms. Watson's power of attorney, Mr. Farrow purchased four cars registered in her name. These included a Chevrolet Tahoe financed through Capital One Auto Finance (Capital One) and a Mercedes Benz purchased from Fisher Chevrolet and financed through Chase Auto Finance (Chase), and are the only two remaining financers that continue to potentially hold Ms. Watson liable on the loans. In order to purchase these vehicles, Mr. Farrow filled out credit applications in Ms. Watson's name, stating falsely that she worked for a company called "Farrow and Farrou," and that she earned around $30,000 each month. Ms. Watson testified that she had no knowledge of these false representations at the time they were made and that she never authorized Mr. Farrow to make such representations.

Upon learning of these false representations, Ms. Watson confronted Mr. Farrow. She states that he made threatening statements in order to prevent her from divulging the truth to the lenders. At this point, Ms. Watson obtained legal advice, and made a

trip to New Jersey, where the four cars were purchased.  Fisher  Chevrolet, the site of the Mercedes Benz purchase, refused to give her any documentation regarding this vehicle and also called Mr. Farrow to inform him that she had been there seeking such documentation.  Mr. Farrow appeared to have a close relationship with a Fisher Chevrolet finance manager that Ms. Watson believes is named Joe Kavanos.

In an attempt to protect her credit, Ms. Watson made some payments on these debts and obtained legal representation who has communicated with the financing companies.  He has obtained written confirmations from two of these companies that state that they will not hold Ms. Watson responsible for the debt on the vehicles.  However, he has not been able to work out such an arrangement with Chase or Capital One.  Capital One still holds Ms. Watson liable for the amount owed on the Chevrolet Tahoe, which it listed as $21,757.72 in a March 16, 2007 letter to Ms. Watson.  See Exhibit 1.  Further, Chase had previously informed Ms. Watson that Fisher Chevrolet would be auctioning of the Mercedes Benz and would not hold her liable for the deficiency.  However, since that time, Fisher Chevrolet has filed for Chapter Eleven bankruptcy, which it recently converted to Chapter Seven bankruptcy.  Further, neither Chase nor Fisher has given any written confirmation that Ms. Watson is not liable for either the debt on the car or deficiency after auction, and neither has communicated to Ms. Watson or her attorney whether the Mercedes Benz has already been auctioned or not.  Thus, she requests that the entry of damages include the $109,382.08 that she still potentially owes to Chase.

In attempting to resolve these matters, Plaintiff has expended about $8,000 in attorney's fees at a rate of $180/hour.  Further, she has expended what she estimates to be $2,300 in gas and air travel costs in her at least 8 trips to New Jersey to attempt to resolve these matters.   Finally, Ms. Watson states that Mr. Farrow took a bag belonging to her that, including the items inside, had a value of $500.

After reviewing the record as well as Ms. Watson's testimony, it is my recommendation that this Court award her a default judgment against Mr. Farrow in the amount of $8,000 in attorney's fees, $2300 in travel expenses, and $500 for the bag and contents taken from Ms. Watson.

Further, it is my recommendation that this Court enter a judgment requiring Mr. Farrow to repay the $21,757.72 balance of the loan on the Chevrolet Tahoe Capital One Auto Financing  and also require him to repay the $109,382.08 balance of the loan on the Mercedes Benz to Chase Auto Financing within 30 days of the date that it enters such judgment.  Further, I recommend that the Court order that if Mr. Farrow does not repay these loan amounts within the 30 day period, that he will be required to pay those amounts, as well as interest earned on these accounts, to Ms. Watson.  I also recom-mend that the Court include a provision in its Order voiding Mr. Farrow's duty to pay the $21,757.72 Capital One loan or the $109,382.08 Chase Auto loan the if any of the following occur:  (1) Capital One or Chase forgives Ms. Watson the balance of these loans (2) Ms. Watson obtains a final judgment that she is not liable to  Capital One or Chase on these loans or (3) Mr. Farrow satisfies in full these obligations outside the 30

day period.

I recommend that this Court award Ms. Watson punitive damages in the amount of $143,300.  Finally, I recommend that this Court make the preliminary injunction granted on November 16, 2007 permanent.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


s/Mark R. Abel
United States Magistrate Judge